UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| F.A., by and through his parents and guardians, P.A. and F.A., individually, on behalf of similarly situated individuals, and on behalf of THE NEIMAN MARCUS GROUP LLC HEALTH AND WELFARE BENEFIT PLAN,<br><br>Plaintiff,<br><br>v.<br><br>THE NEIMAN MARCUS GROUP LLC HEALTH AND WELFARE BENEFIT PLAN; and THE NEIMAN MARCUS GROUP LLC,<br><br>Defendants. | NO. 2:17-cv-1571<br><br>COMPLAINT<br>(CLASS ACTION)<br><br>[REDACTED] |

## I.  PARTIES

1.  ***F.A.***  Plaintiff F.A. is the three-year-old son and dependent of P.A. and F.A. and resides in King County, Washington.  F.A. is a beneficiary, as defined by ERISA § 3(8), 29 U.S.C. § 1002(8), of The Neiman Marcus Group LLC Health and Welfare Benefit Plan.  F.A.'s coverage is through P.A.'s employment with The Neiman Marcus Group LLC.

2.  ***The Neiman Marcus Group LLC Health and Welfare Benefit Plan.*** The Neiman Marcus Group LLC Health and Welfare Benefit Plan ("Plan") is an employee welfare benefit plan under the Employment Retirement Security of Act of 1974

COMPLAINT (CLASS ACTION) – 1
[Case No. 2:17-cv-1571]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

("ERISA"). The Plan provides health benefits for The Neiman Marcus Group LLC employees and their dependents such as F.A.

3. *The Neiman Marcus Group LLC.* Defendant The Neiman Marcus Group LLC. ("Neiman") is the "Plan Sponsor" and "Plan Administrator" and is a named fiduciary under ERISA.

## II.   JURISDICTION AND VENUE

4. Jurisdiction of this Court arises pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

5. Venue is proper under ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because, *inter alia*, a defendant resides or may be found in this district.

6. In conformity with 29 U.S.C. §1132(h), plaintiff has served this Complaint by certified mail on the Secretary of Labor and the Secretary of Treasury.

## III.   NATURE OF THE CASE

7. F.A. seeks to end Defendants' standard practice of insurance discrimination against F.A. and other enrollees with developmental mental health conditions, including but not limited to autism spectrum disorder ("ASD"). Neurodevelopmental therapies ("NDT") (speech, occupational and physical therapies to treat developmental mental health conditions) and early and intensive provision of medically necessary Applied Behavior Analysis ("ABA") therapy can dramatically improve the health and life-long well-being of enrollees with developmental mental health conditions, including ASD. Defendants, however, exclude all coverage of medically necessary NDT and ABA services to treat developmental mental health conditions like ASD. Plaintiff seeks to enforce the Federal Mental Health Parity Act and the applicable provisions of the Affordable Care Act, though ERISA and the terms of the Plan, to end such discriminatory practices.

COMPLAINT (CLASS ACTION) – 2
[Case No. 2:17-cv-1571]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON  98104
TEL. (206) 223-0303   FAX (206) 223-0246

8. On October 3, 2008, Congress passed the Paul Wellstone and Pete Domenici Mental Health Parity and Addiction Equity Act of 2008, commonly known as the Federal Mental Health Parity Act. The Federal Parity Act expanded the scope of previous federal legislation on access to mental health coverage and was "designed to end discrimination in the provision of coverage for mental health and substance use disorders, as compared to medical and surgical conditions." *Coalition for Parity v. Sebelius*, 709 F. Supp. 2d 10, 13 (D.D.C. 2010). The Federal Parity Act requires that the exclusions and limitations imposed on mental health services are "no more restrictive" than those applied to substantially all medical and surgical benefits. *See* 29 U.S.C. § 1185a(a)(3); 42 U.S.C. § 300gg-5(a)(3); 26 U.S.C. § 9812(a)(3). The Federal Parity Act took effect as of October 3, 2009.

9. The Federal Mental Health Parity Act requires Defendants to cover all outpatient, intermediate and inpatient services that are medically necessary to treat mental health conditions, if it also covers those services for medical/surgical conditions. It further requires that Defendants ensure that treatment limitations on services to treat DSM mental health conditions are no more restrictive than the predominate treatment limitations imposed on substantially all of the Plan's medical and surgical services. 29 U.S.C. § 1185a(3)(A)(ii).

10. Defendants do not apply the Federal Mental Health Parity Act requirements to all services that are necessary to treat mental health conditions. While defendants purport to cover treatment for ASD, they have adopted a uniform policy excluding all coverage for ABA therapy to treat ASD, even when medically necessary. F.A. was denied his pre-service request for coverage of ABA services to treat his ASD. When F.A. appealed, Defendants denied his appeal, asserting that ABA therapy was excluded from coverage.

COMPLAINT (CLASS ACTION) – 3
[Case No. 2:17-cv-1571]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

11. Defendants have also adopted a uniform policy excluding all coverage for NDT services, even when medically necessary. Defendants exclude all NDT, asserting that the Plan only covers speech, occupational and physical therapy for "non-chronic conditions, and acute illnesses and injuries" while excluding all coverage of those same services for treatment of developmental disabilities like ASD. F.A.'s claims for NDT services to treat his ASD was denied by defendants. When F.A.'s provider appealed on F.A.'s behalf, Defendants denied the appeal(s), asserting that F.A.'s NDT services were excluded, solely because it was provided to treat his ASD.

12. Defendants' uniform exclusion of ABA and NDT coverage in its Plan, policy and practices violates the requirements of the Federal Mental Health Parity Act (29 U.S.C. § 1185a), the Affordable Care Act (42 U.S.C. §§300gg-3(a); 300gg-(4)(a)) and their implementing regulations which are incorporated as "terms of the plan[s]" into the Plan under ERISA. By failing to comply with the Federal Mental Health Parity Act, the Affordable Care Act, and the terms of the Plan, the Defendants are systemically and uniformly failing to properly process claims and administer the Plan. The Plan's participants and beneficiaries have not received the benefits they are entitled to under the Plan as modified by federal law. The Plan's participants and beneficiaries are being misinformed by Defendants with respect to their right to coverage under the Plan and federal law.

13. This lawsuit seeks remedies for Defendants' breach of fiduciary duty under ERISA, arising out of their failure to comply with the terms of the Plan and relevant federal law. It further seeks to recover the benefits that have been wrongfully denied to F.A. and the class he seeks to represent. It also seeks a court order declaring Defendants' exclusions, limitations, policies and practices related to NDT and ABA therapy to treat developmental mental health conditions illegal and void. The lawsuit

COMPLAINT (CLASS ACTION) – 4
[Case No. 2:17-cv-1571]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

further seeks an injunction to prevent any future or ongoing efforts by Defendants to use and enforce any exclusions, limitations, policies or practices that impermissibly deny, exclude or limit beneficiaries' access to medically necessary NDT ABA therapy to treat ASD and other developmental conditions under the Plan. Finally, it seeks to require Defendants to provide accurate information concerning the legally-required coverage of ABA and NDT under the Plan.

### IV.  CLASS ALLEGATIONS

14.   *Definition of Class*.  F.A. proposes the following class:

All individuals who:

(a) have been, are, or will be participants or beneficiaries under The Neiman Marcus Group LLC Health and Welfare Benefit Plan in effect or renewed on or after October 3, 2009 and/or the relevant limitations period; and

(b) have received, require, or are expected to require Applied Behavior Analysis (ABA) therapy and/or Neurodevelopmental Therapy (NDT) (speech, occupational and physical therapies) for the treatment of developmental mental health conditions, including but not limited to autism spectrum disorder.

15.   *Size of Class*.  The class of persons who have received, require or are expected to require ABA and/or NDT therapy for the treatment of developmental mental health conditions, and who have been, are or will be beneficiaries under the Plan, is expected to number in the hundreds and is so large that joinder of all members is impracticable.

16.   *Class Representative F.A.*  Named plaintiff F.A. is an enrollee in the Plan.  F.A. is diagnosed with ASD, a condition that is listed in the most recent DSM.  F.A. needs ABA and NDT services to treat his ASD.  Defendants denied F.A.'s requests for coverage of ABA and NDT services as excluded under the plan.  His claims are typical

COMPLAINT (CLASS ACTION) – 5
[Case No. 2:17-cv-1571]

of the claims of the other members of the class, and through his parents, he will fairly and adequately represent the interests of this class.

17. ***Common Questions of Law and Fact.*** This action requires a determination of whether Defendants' policies and practices that deny, exclude and/or limit coverage of ABA and NDT therapy to treat developmental mental health conditions violates the terms of the Plan, the Federal Mental Health Parity Act and the Affordable Care Act. Adjudication of this issue will in turn determine whether Defendants are liable under ERISA for their conduct.

18. ***Separate suits would create risk of varying conduct requirements.*** The prosecution of separate actions by class members against Defendants would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct. Certification is therefore proper under Federal Rule of Civil Procedure 23(b)(1).

19. ***Defendants have acted on grounds generally applicable to the class.*** By applying policies and practices that result in the exclusion of coverage of ABA and NDT therapy to treat developmental mental health conditions, Defendants have acted on grounds generally applicable to the class, rendering declaratory relief appropriate respecting the entire class. Certification is therefore proper under Federal Rule of Civil Procedure 23(b)(2).

20. ***Questions of law and fact common to the class predominate over individual issues.*** The claims of the individual class members are more efficiently adjudicated on a class-wide basis. Any interest that individual members of the classes may have in individually controlling the prosecution of separate actions is outweighed by the efficiency of the class action mechanism. Upon information and belief, there is no

COMPLAINT (CLASS ACTION) – 6
[Case No. 2:17-cv-1571]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

pending class action suit filed against the Defendants for the same relief requested in this action.

21. *Venue.* This action can be most efficiently prosecuted as a class action in the Western District of Washington, where Defendants do business and where F.A. resides. Issues as to Defendants' conduct in applying standard policies and practices towards all members of the class predominate over questions, if any, unique to members of the class. Certification is therefore additionally proper under Federal Rule of Civil Procedure 23(b)(3).

22. *Class Counsel.* F.A. has retained experienced and competent class counsel.

## V. FACTUAL BACKGROUND

23. During certain time periods on and after October 3, 2009, F.A. and members of the class have been, are or will be participants or beneficiaries of the Plan, which is subject to ERISA pursuant to 29 U.S.C. § 1003.

24. Since October 3, 2009, and continuing to the present, F.A. and other members of the class have been diagnosed with developmental mental health conditions including ASD.

25. F.A. and other members of the class have required, currently require or will require ABA and/or NDT services to treat their developmental mental health conditions. As defined by the Plan and relevant state and federal law, their ABA and NDT services are "mental health services." Defendants, however, have excluded all coverage of such treatment through the application of exclusions and limitations.

26. The application of these uniform Plan exclusions and limitations is not "at parity" with the Plan's coverage of medical/surgical services. As a result, F.A. and other members of the class have paid for ABA and NDT services out of their own

COMPLAINT (CLASS ACTION) – 7
[Case No. 2:17-cv-1571]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

pockets, or face the imminent threat that they will have to do so in the near future. Other class members have been forced to forgo needed treatment due to Defendants' conduct.

27. In light of the established Plan documents, statements and written representations by Defendants to the parents and providers of F.A. and other members of the class, any attempt by class members to pursue administrative remedies is futile. Nonetheless, F.A. has completed the internal appeal process within the Plan to no avail. He has exhausted his administrative remedies.

## VI. CLAIMS FOR RELIEF

### FIRST CLAIM:
### BREACH OF FIDUCIARY DUTIES
### ERISA §§ 404(a)(1), 502(a)(2); 29 U.S.C. §§ 1104(a), 1132 (a)(2)

28. F.A. re-alleges all paragraphs above.

29. Defendant The Neiman Marcus Group LLC is a plan fiduciary under ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), because it is the Plan Administrator. Defendant Neiman exercises discretionary authority or discretionary control with respect to the denial and appeal of denied claims under the Plan.

30. ERISA imposes strict fiduciary duties upon plan fiduciaries. ERISA § 404(a)(1)(C), 29 U.S.C. § 1104(a)(1)(C), states, in relevant part, that a plan fiduciary must discharge its duties with respect to a plan "solely in the interest of the participants and beneficiaries and … in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of this title and Title IV."

31. ERISA § 409(a), 29 U.S.C. § 1109(a), states, in relevant part:

> Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this title shall be personally liable to make good to such plan any losses to the Plan resulting from each such breach, and to restore to such plan any profits of

COMPLAINT (CLASS ACTION) – 8
[Case No. 2:17-cv-1571]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

such fiduciary which have been made through each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the Plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.

32. The terms of an ERISA plan include provisions of substantive federal law, such as the requirements in the Federal Parity Act and the Affordable Care Act. Defendants have failed to comply with the terms of the Plan, which include the requirements of the Federal Mental Health Parity Act, the Affordable Care Act and their implementing regulations as well as other federal law.

33. Defendants violated their obligations under ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1), by failing to act in accordance with the documents and instruments governing the Plan, and breached their fiduciary duties to the Plan, F.A. and all class members.

34. As a direct and proximate result of these acts and omissions, F.A., class members and the Plan have suffered losses (including harm to the integrity of the Plan) and are entitled to relief under ERISA against Defendants.

35. F.A., class members and the Plan seek recovery of all losses to F.A., the Plan and class members arising from the breaches of fiduciary duties when treatment required by the terms of the Plan as modified by the Federal Parity Act, the Affordable Care Act, and their implementing regulations was denied.

**SECOND CLAIM:
CLAIM FOR RECOVERY OF BENEFITS, CLARIFICATION OF RIGHTS
UNDER TERMS OF THE PLANS AND CLARIFICATION OF
RIGHT TO FUTURE BENEFITS UNDER THE PLAN
ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B)**

36. F.A. re-alleges all the paragraphs above.

COMPLAINT (CLASS ACTION) – 9
[Case No. 2:17-cv-1571]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

37.     ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), provides that a participant or beneficiary may bring an action to "recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

38.     F.A. and the class are entitled to recover benefits due them under the terms of the Plan.  They are also entitled to a declaration of present and future rights to coverage of ABA and NDT services to treat developmental mental health conditions.

**THIRD CLAIM:
CLAIM TO ENJOIN ACTS AND PRACTICES IN VIOLATION OF THE TERMS
OF THE PLANS, TO OBTAIN OTHER EQUITABLE RELIEF AND TO
ENFORCE THE TERMS OF THE PLANS
ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3)**

39.     F.A. re-alleges all the paragraphs above.

40.     ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), provides that a participant or beneficiary may "enjoin any act or practice which violates any provision of this subchapter or the terms of the plan."  F.A. and the class seek to enjoin Defendants from continuing to apply exclusions and limitations on all coverage of ABA and NDT services to treat developmental mental health conditions.  F.A. and the class also seek to have Defendants provide the class with corrective notice and reformation of the relevant Plan documents.

41.     ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), further provides that a participant or beneficiary may obtain other appropriate equitable relief to redress violations of ERISA or enforce plan terms.  To the extent full relief is not available under ERISA § 502(a)(1)(b), 29 U.S.C. § 1132(a)(1)(B) or ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2), then F.A. and the class seek equitable remedies including, without limitation, unjust enrichment, disgorgement, restitution, and surcharge arising out of the

COMPLAINT (CLASS ACTION) – 10
[Case No. 2:17-cv-1571]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

failure to administer the terms of the Plan as modified by the Federal Parity Act and implementing regulations.

## VII. DEMAND FOR RELIEF

WHEREFORE, F.A. requests that this Court:

1. Certify this case as a class action; designate named plaintiff F.A. as class representative, and designate SIRIANNI YOUTZ SPOONEMORE HAMBURGER, Eleanor Hamburger and Richard E. Spoonemore as class counsel;

2. Enter judgment on behalf of the Plan, F.A. and the class for injury to the integrity of the Plan and/or losses sustained by such Plan due to Defendants' breaches of fiduciary duty and failure to pay Plan benefits;

3. Declare that Defendants may not apply contract provisions, policies or practices that wholly exclude or impermissibly limit ABA and/or NDT services to treat developmental mental health conditions, since such exclusions and/or limitations are not predominantly applied to medical and surgical services;

4. Enjoin Defendants from further violations of the terms of the Plan as modified by the Federal Parity Act, the Affordable Care Act and their implementing regulations;

5. Enter judgment in favor of F.A. and the class for damages in an amount to be proven at trial due to the failure to provide benefits due under the Plan as modified by the Federal Parity Act, the Affordable Care Act and their implementing regulations;

6. Award F.A. and the class their attorney fees and costs under ERISA § 502(g), 29 U.S.C. § 1132(g); and

7. Award such other relief as is just and proper.

COMPLAINT (CLASS ACTION) – 11
[Case No. 2:17-cv-1571]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

DATED: October 24, 2017.

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER

  */s/ Eleanor Hamburger*
Eleanor Hamburger (WSBA #26478)

  */s/ Richard E. Spoonemore*
Richard E. Spoonemore (WSBA #21833)
  701 Fifth Avenue, Suite 3650
  Seattle, WA 98104
  Tel. (206) 223-0303; Fax (206) 223-0246
  Email: ehamburger@sylaw.com
         rspoonemore@sylaw.com

Attorneys for Plaintiff

COMPLAINT (CLASS ACTION) – 12
[Case No. 2:17-cv-1571]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246