UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| F.A., by and through his parents and guardians on behalf of similarly situated individuals and on behalf of THE NEIMAN MARCUS GROUP LLC HEALTH AND WELFARE BENEFIT PLAN,<br><br>Plaintiff,<br><br>v.<br><br>THE NEIMAN MARCUS GROUP LLC HEALTH AND WELFARE BENEFIT PLAN and THE NEIMAN MARCUS GROUP LLC,<br><br>Defendants. | NO. C17-1571RSL<br><br>ORDER |

  This matter comes before the Court on defendants' "Unopposed Motion re: Notice of Settlement." Dkt. # 28. The parties seek to resolve F.A.'s individual claims through settlement without prejudice to the claims of putative class members. No notices have been sent to putative class members, nor has a class been certified. The parties maintain that notice of the settlement need not be sent to putative class members in these circumstances, either by force of the 2003 amendments to Fed. R. Civ. P. 23(e) or under the analysis set forth in <u>Diaz v. Trust Territory of Pacific Islands</u>, 876 F.2d 1401, 1408 (9th Cir.1989).

  Prior to 2003, Fed. R. Civ. P. 23(e) required "approval of the court, after notice, for the dismissal or compromise of any class action." Advisory Committee Notes on 1966 Amendments. The rules were amended, however, to require court approval of "any settlement, voluntary

ORDER - 1

dismissal, or compromise of the claims, issues, or defenses *of a certified class*." Fed. R. Civ. P. 23(e)(1)(A) (emphasis added). The Advisory Committee explained that the new language of Rule 23(e)(1)(A):

> . . . resolves the ambiguity in former Rule 23(e)'s reference to dismissal or compromise of "a class action." That language could be - and at times was - read to required court approval of settlements with putative class representatives that resolved only individual claims. See Manual for Complex Litigation Third, § 30.41. The new rule requires approval only if the claims, issues, or defenses of a certified class are resolved by a settlement, voluntary dismissal , or compromise.

Advisory Committee Notes on 2003 Amendments. Thus, resolution of only F.A.'s individual claims does not require Court review and approval. Because there are no "class members who would be bound by" the settlement proposal, the procedures for class notice are not triggered. Fed. R. Civ. P. 23(e)(1)(B).

The same result is reached if one were to apply the pre-2003 Diaz analysis. In that case, the Ninth Circuit determined that notice of a pre-certification individual settlement would not be necessary if (1) there were no indication that plaintiffs appended class allegations merely to acquire leverage for a favorable individual settlement, (2) the proposed settlement would not create any structural or practical impediments to putative class members' ability to seek various forms of relief, and (3) it is unlikely that putative class members refrained from filing suit because of knowledge of the pending action or would otherwise be prejudiced by the dismissal of the named plaintiff's claims. 876 F.2d at 1408-10. Based on the Court's review of the unopposed motion and the remainder of the record, the Court finds that the Diaz factors pose no hurdle to dismissal of this action without notice. There is no indication that plaintiffs improperly utilized the class action mechanism, and dismissal of F.A.'s individual claims is without prejudice to putative class members' ability to seek any and all available relief. With regards to the prejudice factor, there is little reason to believe that putative class members are aware of this nascent litigation or, if they were, that dismissal would preclude them from pursuing their claims. No class notices have been issued, there is no indication of publicity surrounding this

ORDER - 2

case other than brief case summaries posted on class action websites when the lawsuit was filed in 2017, the applicable three- and six-year statutes of limitation have been tolled during the pendency of this litigation, and the conduct at issue (namely, failure to provide coverage for neurodevelopmental therapies and applied behavior analysis to those with developmental mental health conditions) is of a continuing nature that greatly reduces the practical impact of any limitations period.

For all of the foregoing reasons, the Court finds that notice of the proposed settlement need not be given to putative class members.

Dated this 24th day of October, 2018.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge